### CINCINNATI INTERURBAN CO. v. SAMUEL E. HAINES.

1. IF TESTIMONY AS TO SPEED IS BEST OBTAINABLE AND WORTHY OF BELIEF VERDICT BASED THEREON WILL NOT BE DISTURBED.

    While testimony as to speed is always more or less unsatisfactory, yet when the testimony offered on the subject was the best obtainable and was worthy of consideration, the finding of a jury with reference thereto and in the light of surrounding circumstances should not be disturbed.

2. CHARGE AS TO CONTRIBUTORY NEGLIGENCE AS A DEFENSE, WHEN NO SUCH DEFENSE HAS BEEN INTERPOSED, AND SILENT AS TO BURDEN OF REMOVING SUGGESTION OF SAME ARISING FROM PLAINTIFF'S OWN TESTIMONY IS ERROR.

    A charge of court which dwells upon the subject of contributory negligence as an affirmative defense, when no such defense has been interposed, and says nothing whatever as to the burden of removing a suggestion of contributory negligence when evidence of such has arisen only from plaintiff's own testimony, is so misleading as to require the reversal of the resulting verdict.

Hamilton County.

3. EXPRESSIONS OR EXCLAMATIONS NOT PART OF RES GESTAE UNLESS AUTOMATIC· AND INVOLUNTARY'AND NOT EXPRESSIONS OF OPINION.

. Expressions or exclamations do not become a part of th? *res gestae* unless they were automatic and involuntary, and involved no expressions which were the result of inference or deduction; and an exclamation· by the decedent as to what the motorman did or failed to do an instant before the accident occurred is not competent as a part of the *res gestae*, where the same testimony would not be admissible were the party still living and on the stand.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

E. G. Kinkead and H. K. Rogers, for plaintiff in error﹒

Peck, Shaffer & Peck and S. B. Hammel, for defendant in error﹒

JELKE, J.

Taking up the grounds of error complained of in the order in which they are presented in the brief of counsel for plaintiff in error:

I. " (a) The plaintiff failed to show by a preponderance of the evidence that the defendant was guilty of negligence in the matter of speed."

Testimony, as to speed, is always somewhat unsatisfactory. While it is a statement of fact, it necessarily involves matter of opinion. It usually must be expressed in various modifications of 'the adjectives "fast" and "slow," and these expressions are correlative to surround· ing facts and circumstances so that they furnish very little satisfactory information. Definite and exact statements and estimates as to speed are also unreliable, and are to be scanned with close scrutiny because most witnesses are incapable ·and unless there is some particular reason, qualified witnesses at the time are not usually making mathematical estimates of speed and particularly directing their attention and ex- erting their faculties in such determination. It is even then a mat- ter into which error is very likely to creep. This being so, while the testimony on the subject of speed in the record is not of such satis- factory character as we usually look for to make out a preponderance on other clear cut issues of fact, yet it is evidence, the best obtainable and entitled to consideration, and the finding of a jury on this point made in the light of all surrounding facts and circumstances should not be disturbed. We are, therefore, unwilling to find error in this regard.

"(b) ﹒ It is contended that the plaintiff failed to show by a pre- ponderance of the evidence that the defendant was guilty of negligence in that· the motorman was not maintaining a proper lookout ahead."

If we take the record with all the evidence on this point admitted by the court· below, we find no error in this regard. But our conclusion may be affected somewhat by what we decide later herein as to the

Interurban Co. v. Haines.

admissibility of the exclamation of Mrs. Haines to her husband, immediately prior to the accident.

II. As to the charge of the court, relating to the burden of proof as to contributory negligence, it appears that although in its amended answer the defendant company alleged that the death of Mrs. Haines was caused by the negligence and carelessness of her husband, Samuel E. Haines, at the trial the defendant rested at the close of plaintiff's testimony and offered no testimony on this point or any other. Whatever issue of contributory negligence there may have been herein must have arisen, therefore, on the plaintiff's own testimony. The charge of the court was as follows:

"Upon the question of contributory negligence or want of ordinary care upon the part of the plaintiff as I have stated it to you, the burden of proof is upon the defendant who alleges the contributory negligence of the plaintiff, to prove such by the greater weight of the evidence just as the plaintiff must prove the negligence of the defendant alleged by him by the greater weight of the evidence, so the defendant alleging contributory negligence must prove such contributory negligence in the same way by the greater weight of the evidence."

This is a charge on the subject of contributory negligence only as an affirmative defense, and says nothing whatever about the burden of proof of removing a suggestion of contributory negligence arising from the plaintiff's own testimony. We think, in view of the condition of the case at the time of its submission to the jury, this was error. It is contended that this is erroneous under the decision of *Cincinnati Trac. Co.* v. *Forrest,* 73 Ohio St. 1.

The case at bar seems to us to be more aggravated than the Forrest case, because here the court not only charged as to the kind of contributory negligence that was not under submission to the jury, but failed to charge as to the only kind of contributory negligence that the jury could consider. This being so, the charge in this regard was very misleading, and we think was error requiring reversal.

As to the third point, we think that the objection taken by counsel for plaintiff is good, but had we not determined to reverse this case on other grounds, we would hardly find the use of the word "saw" here to constitute reversible error. Of course limiting the charge to the sense of sight, was erroneous, but we believe that a liberal construction might make this charge cover apprehension by all of the senses.

As to the fourth objection, finding fault with special charge No. 6, the criticism is one which applies to all special charges and can hardly be avoided. All the law on any point can hardly be stated in

a single paragraph, nor in a single special charge. We find no reversible error in this regard.

V. We are of opinion that the court erred in admitting the testimony of plaintiff as to what his wife said shortly before the accident. Counsel for defendant in error very properly took their stand on the only defensible ground for admission of this testimony, viz.: that it was part of the *res gestae*. We think this is pressing the doctrine of *res gestae* too far. It would result in hearsay testimony of opinion of the decedent wife, as to what the motorman did or failed to do, being given by the surviving interested plaintiff husband as to matter and under circumstances as to which it would be absolutely impossible for the defendant railroad to in any way verify or safeguard itself. We think no case cited justifies the admission of this testimony. If the wife were living, and were upon the stand herself, she could not give this testimony. Taking words from the brief for counsel for defendant in error, and the authorities cited by them, expressions to be part of the *res gestae* must be automatic, involuntary, and must not involve intellectual processes and matters of inference and deduction.

VI. We find no reversible error in that part of the bill of exceptions where the court permitted a witness to testify as to the difficulty of seeing a vehicle at a reasonable distance.

VII. Having determined to reverse the case on the second and fifth grounds, there is no occasion for us to express any opinion as to the amount of the verdict.

Judgment will be reversed, and cause remanded for a new trial.

**Swing** and **Giffen, JJ.,** concur.